IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RUFUS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 02-2260 |
| | ) | |
| ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE OR IN THE ALTERNATIVE, DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby files its Memorandum of Law in Support of its Motion to Strike Plaintiff's Motion for Voluntary Dismissal and in the alternative Defendant's Objection to Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

**I.    Introduction**

On or about December 16, 2002, Plaintiff filed a one count racial discrimination Complaint pursuant to 42 U.S.C. § 2000(e).  The Defendant filed its Answer and Affirmative Defenses on February 18, 2003.  On April 11, 2003, the Court entered a discovery plan whereby the date for amending the pleadings was August 4, 2003, and the deadline for all discovery was March 22, 2004.  On March 8, 2004, Plaintiff and Defendant filed a motion to extend the discovery deadlines and the Court entered an Order on March 11, 2004, extending the discovery deadline to July 22, 2004.  Thereafter on August 4,

2004, Plaintiff's attorney set up a conference call with this Court and the undersigned attorney whereby he requested an extension for the dispositive motion deadline due to his partnership's dissolution. Defendant had no objection and the Court extended the dispositive motion deadline to October 1, 2004.

On September 27, 2004, counsel for Plaintiff contacted counsel for Defendant to discuss possible settlement as stated in Plaintiff's motion. Defendant indicated its unwillingness to settle. In response, Plaintiff immediately filed his Motion for Voluntary Dismissal Without Prejudice. By September 27, 2004, Defendant's attorney had completed and was preparing to file its Motion for Summary Judgment.

This Court should strike Plaintiff's motion as it is not in compliance with CDIL-LR 7.1(B)(1), or in the alternative deny Plaintiff's motion.

### I.    Plaintiff's Motion for Voluntary Dismissal Should be Stricken for Non-Compliance of CDIL-LR 7.1(B)(1).

Pursuant to CDIL-LR 7.1(B)(1), "[e]very motion raising a question of law shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the rule under which the motion is filed."

In this case Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice. However, Plaintiff failed to file a memorandum of law as required by CDIL-LR 7.1(B)(1). Further, Plaintiff's motion does not cite to any supporting authorities or propositions of law. Plaintiff's motion is not in compliance with the local rules and should be stricken.

WHEREFORE, Defendant, ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES respectfully requests this Court to strike Plaintiff's Motion for Voluntary Dismissal.

**II.    Plaintiff's Motion for Voluntary Dismissal Should be Denied.**

In the alternative, if the Court does not strike Plaintiff's motion, the motion should be denied. Plaintiff brings the motion pursuant to Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance" except by "order of the court and upon such terms and conditions as the court deems proper."

In the exercise of that discretion a court considers whether the defendant would suffer "legal prejudice" if the plaintiff were allowed a dismissal without prejudice. A court may deny the motion to dismiss if it finds prejudice, such as the Defendant's effort and expense of preparation for trial; excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; insufficient explanation for the need to take a dismissal; or the fact that a motion for summary judgment has been filed by defendant. Kovalic v. Dec Internat'l, Inc., 855 F.2d 471, 474 (7th Cir. 1988) (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969).

In the case at bar, Plaintiff has failed to exercise diligence in prosecuting his cause of action. After two discovery extensions, Plaintiff has failed to take a single deposition or engage in meaningful discovery to prosecute his case outside of propounding interrogatories and requests to produce. Plaintiff did not take a single deposition, yet four days prior to the dispositive motion deadline (extended at his request), now files a Motion to Dismiss Without Prejudice, or without explaining why now on the eve of this case he wishes to dismiss. This appears to be a transparent effort to avoid a judgment on the

3

merits.  Defendant should not be penalized for Plaintiff's lack of diligence to prosecute his case when Defendant has engaged in meaningful discovery, has incurred expense, and has spent considerable time and efforts preparing its Motion for Summary Judgment.

Defendant has expended numerous hours researching and preparing Defendant's Motion for Summary Judgment.  Defendant has also spent many hours interviewing witnesses and preparing affidavits to attach to Defendant's Motion for Summary Judgment.  Therefore, Plaintiff's motion should be denied as Defendant has expended considerable time on this matter, is ready to be reviewed for summary judgment or tried, and it would be prejudicial to the Defendant for a dismissal without prejudice at this stage.

Additionally, Plaintiff's Motion fails to state a single explanation why he is requesting the voluntary dismissal without prejudice at this late date.

Finally, Plaintiff adds that the period for a Section 1981 claim is 4 years.  This fact is irrelevant as Plaintiff's Complaint only alleges a Title VII cause of action pursuant to 42 U.S.C. 2000(e).  Plaintiff's Complaint does not allege a Section 1981 cause of action. Defendant can only assume Plaintiff makes reference to the Section 1981 statue of limitation period, because he plans to refile this suit as some type of Section 1981 claim. However, Plaintiff should not be allowed use this tactic to escape this Court's Discovery Plan Order mandating that amendments to pleadings be made on or before August 11, 2003, and discovery to be completed by July 22, 2004.

Plaintiff's Motion fails to sufficiently meet any of the requirements set forth by the Seventh Circuit in <u>Kovalic v. Dec Internat'l, Inc.</u>  Therefore, it is in the interest of justice and judicial economy that this Court deny Plaintiff's Motion for Voluntary Dismissal Without Prejudice.  Defendant has no objection to a dismissal with prejudice.

WHEREFORE, Defendant, ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, respectfully request this court to STRIKE Plaintiff's motion as being noncompliant with local rules, or in the alternative, DENY Plaintiff's motion.

        Respectfully submitted,

        ILLINOIS DEPARTMENT OF CHILDREN
        AND FAMILY SERVICES,

            Defendant,

        LISA MADIGAN, Attorney General of the
        State of Illinois,

Stephanie L. Shallenberger, #6279773
Assistant Attorney General        Attorney for Defendant,
500 South Second Street
Springfield, IL 62706
(217) 785-4555
Of Counsel.        By: /s/ Stephanie L. Shallenberger
            Stephanie L. Shallenberger
            Assistant Attorney General

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2004, I electronically filed the foregoing Memorandum of Law in Support of Defendant's Motion to Strike with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Mr. Robert G. Kirchner
    Lerner & Kirchner
    100 Trade Center Dr., Suite 402
    Champaign, IL 61824
    rgk-kirchnerlaw@sbcglobal.net

and I hereby certify that on September 28, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

    None.

                                            Respectfully submitted,

                                            /s/ Stephanie L. Shallenberger
                                            Stephanie L. Shallenberger, #6279773
                                            Assistant Attorney General
                                            500 South Second Street
                                            Springfield, IL  62706
                                            Telephone:  (217) 785-4555
                                            Facsimile:  (217) 524-5091
                                            sshallenberger@atg.state.il.us