**U.S. Department of Justice**

Civil Rights Division

**E-FILED**
Tuesday, 28 September, 2004 04:45:57 PM
Clerk, U.S. District Court, ILCD

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*
*www.usdoj.gov/crt/emp/emphome.html*

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RFB:WBF:mdw
DJ 170-23-320

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Rufus Johnson
1336 Finley Road, #1K
Lombard, IL 60148

Re: Rufus Johnson v. Illinois Department of Children
& Family Services, EEOC No. 210-A2-01121

Dear Mr. Johnson:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over that charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the EEOC files pertaining to your case to the District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, IL 60661.

This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Ralph F. Boyd, Jr.
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: IL Dept. of Children & Family Services
EEOC District Office

EXHIBIT

K

**CMS** ILLINO EPARTMENT OF
CENTRAL MANAGEMENT SERVICES

POSITION DESCRIPTION

| 1. POSITION TITLE | WORKING TITLE (IF ANY) | BILINGUAL CODE | POSITION TITLE OPTION CODE | 2. POSITION NUMBER |
|---|---|---|---|---|
| Existing Position | | | | |
| New / Revised Position | | | | |
| Child Protective Investigator | | | | 07188-16-18-360-71-01 |

| 3. AGENCY | 4. BUREAU / DIVISION | L EXMT CODE | L WORK COUNTY | T AM | L AUDIT | 9. OFFICE USE |
|---|---|---|---|---|---|---|
| Existing Position | | | | | | N |
| New / Revised Position | | | | | | |
| Department Children Family Svcs. | **EXHIBIT** L | 0 | 010 | Y | | |

| 10. SECTION | 11. UNIT | 12. TRANSACTION CODE | 13. EFFECTIVE DATE |
|---|---|---|---|
| Existing Position | | ☐ MA021 ESTABLISH | 7/1/99 |
| New / Revised Position | | ☐ MC022 EXEMPT CODE CHANGE | |
| Central Region | Champaign Area | ☐ MC024 POSITION NO. CHANGE | |
| | | ☒ MC026 CLARIFY | |

| 14. WORK LOCATION | 15. BARGAINING / TERM CODE | RUTAN EXEMPT |
|---|---|---|
| Existing Position | | ☐ MC027 ADDITIONAL/IDENTICAL CHANGE |
| | | ☐ MC028 WORK COUNTY CHANGE |
| New / Revised Position | | ☐ MD021 ABOLISH |
| Urbana Field Office | RC 062 | N ☐ MC149 DOWNWARD REALLOCATION |
| | | ☐ MC150 LATERAL REALLOCATION |
| | | ☐ MC158 UPWARD REALLOCATION |

| % OF TIME | 16. COMPLETE. CURRENT AND ACCURATE STATEMENT OF POSITION ESSENTIAL FUNCTIONS |
|---|---|
| | Under direction, conducts investigations of reported child abuse and neglect cases; acts as liaison with local law enforcement agencies and the State's Attorney's Office; conducts interviews with clients and other appropriate persons to obtain pertinent information regarding alleged abuse/neglect; prepares reports and records of investigative findings. |
| 25% | 1. Conducts investigations of cases of reported child abuse and neglect. |
| 15% | 2. Assists law enforcement officers and local State's Attorney's Office in the conduct of child death and abuse cases. |
| 20% | 3. Conducts interviews with clients and other appropriate persons to obtain information pertinent to case. |
| 10% | 4. Testifies at court hearings concerning completed and ongoing investigations. |
| 10% | 5. Dictates and drafts correspondence, case summaries, and court documents on a timely basis. |
| 10% | 6. Independently records and compiles investigative information, as well as statistical data; preparing reports as required. Reviews case files to ascertain the completeness and accuracy of investigative techniques. Attends staff meetings, supervisor conferences, and staff development sessions; participates in case staffings as indicated. |
| 5% | 7. Responsible for transporting clients when taking protective custody; transports clients when placing them in sheltered care or foster care and when changing placement locations; transports clients to necessary appointments (ie. court hearings, medical appointments, counseling sessions, police station, etc.); and transports clients to necessitate the delivery of client services. |
| 5% | 8. Performs other duties as required or assigned which are reasonably within the scope of the duties enumerated above. |
| | May be assigned to 24-hour "on-call" duty in addition to normal assignments to assure that services are provided as mandated by statute and policy. |

JUL 0 1 1999

| DIRECTOR OF CMS SIGNATURE | IMMEDIATE SUPERVISOR SIGNATURE | AGENCY HEAD SIGNATURE | DATE |
|---|---|---|---|
| _signature_ 2-2-99 | Paul St. Amant | _signature_ | 6/28/99 |

CMS-104 (Rev. 10/94) IL 401-0794

000442

Lisa Sanders was given a counseling session on appropriate disclosure of confidential information

Dawn Bachtold, MSW, PSA
4/20/01

EXHIBIT

M

Pam Wendt was given a counseling session on appropriate disclosure of confidential information

Dawn Bachtold, MSW, PSA
4/20/01

**EXHIBIT**

N

Sonja Cully was given a counseling session on appropriate disclosure of confidential information

Dawn Bachtold, MSW, PSA
4/20/01

**EXHIBIT**

tabbies

0

000911

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF __Cook__         )

*Rufus Johnson v. IDCFS*

USDC-CD ILL. No. 02-2260

## AFFIDAVIT

I, Alvin Lambert, being duly sworn and under oath, do state that I have personal knowledge of the following and if called to testify, would state as follows:

1.     I received a Bachelor's Degree in Sociology from Hiram College in Hiram, Ohio in 1970, a Master's Degree in Counseling from Sangamon State University in 1974, and a Master's Degree in Social Work from Loyola University in 1998.

2.     I began employment for the Illinois Department of Children and Family Services (DCFS) on or about 1970.

3.     I was promoted to Assistant Chief of the DCFS Office of Affirmative Action in 1980.

4.     I was promoted to Chief EEO Officer of the DCFS Office of Affirmative Action in 1987 and maintained that position until my retirement in 2002.

5.     As part of my job responsibilities as the DCFS Chief Officer of the Office of Affirmative Action, I would receive and respond to discrimination and harassment complaints filed by DCFS employees either internally with DCFS or externally with the EEOC and Illinois Department of Human Rights.

6.     The Department of Children and Family Services had a nondiscrimination policy in place at the time Mr. Johnson began his employment with the Department and at the time he filed his EEOC charge.  (Exhibit Q).

7.     DCFS disseminated its nondiscrimination policies to its employees through its employee handbook, office posters, office pamphlets, and training sessions.



**EXHIBIT**

P

(Exhibit R).

8.     Since my tenure as Chief EEO Officer, DCFS employees were informed how and where to report complaints of discrimination through Affirmative Action posters, pamphlets, employee orientation and/or training sessions, and via the employee handbook.

9.     The employee handbook explains that reports of discrimination may either be filed internally with the DCFS Office of the Affirmative Action or externally with the Illinois Department of Human Rights or the Equal Employment Opportunity Commission.  (Exhibit R).

10.     When the DCFS Office of Affirmative Action would receive an external EEOC charge, a typical process would involve notifying the individual accused of violating the nondiscrimination policy, and then forwarding that response to the appropriate regulatory agency that had requested the information regarding the complaint.

11.     If an internal complaint is filed under the nondiscrimination policy, the DCFS Office of Affirmative Action would take it upon themselves to investigate the complaint.

12.     Rufus Johnson never filed an internal complaint with the DCFS office of Affirmative Action

13. The first and only complaint or charge of discrimination received by the DCFS Office of Affirmative Action was his EEOC charge dated December 18, 2001.

14.     In this instance, the DCFS Office of Affirmative Action received notice on or about January 9, 2002 that Mr. Johnson filed an external EEOC charge of

discrimination.    (Exhibit S).

15.    The Department submitted its response to the EEOC on or about January 31, 2002.  ( Exhibit U).

FURTHER AFFIANT SAYETH NOT.

Al Lambert

Subscribed and sworn to before me this _28_ day of September, 2004.

Notary Public

OFFICIAL SEAL
CAROLYN S. SMITH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11/21/04

TITLE 89:  SOCIAL SERVICES
CHAPTER III:  DEPARTMENT OF CHILDREN AND FAMILY SERVICES
SUBCHAPTER f:  GENERAL ADMINISTRATION

## PART 429

## EQUAL EMPLOYMENT OPPORTUNITY THROUGH THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES

**Section**
429.1      Purpose
429.2      Definitions
429.3      The Department's Affirmative Action Policy
429.4      Employment Discrimination Complaints

AUTHORITY:  Implementing the U. S. Constitution; 1964 Civil Rights Act, Titles VI and VII (42 U.S.C. 2000d et seq. and 2000e et seq.); 1973 Rehabilitation Act, Sections 503 and 504 (29 U.S.C. 793 and 794); The Age Discrimination Act (42 U.S.C. 6101 et seq.); Executive Order 11246 (as revised) and the Illinois
Human Rights Act (Ill. Rev. Stat. 1980 Supp., ch. 68, pars. 1-101 et seq.); and authorized by Section 4 of "AN ACT creating the Department of Children and Family Services, codifying its powers and duties, and repealing certain Acts and Sections herein named" (Ill. Rev. Stat. 1979, ch. 23, par. 5004).

SOURCE:  Adopted and codified at 5 Ill. Reg. 7800, effective August 3, 1981.

## Section 429.1    Purpose

These rules describe the Department's policy of nondiscrimination in employment practices.  Refer to Part 308, Nondiscrimination Requirements of Department Service Providers.

## Section 429.2    Definitions

"Affirmative action", as applied in this part, is the undertaking of specific personnel steps in recruiting, selecting, placing, transferring, promoting, and other basic terms and conditions of employment, for the purpose of eliminating present effects of past or current discrimination.

"Employment discrimination" or "discrimination", as applied in this part, means any policy, procedure or practice which has an adverse effect on an applicant, employee or class of employees with regard to their hiring, firing, compensation, terms, conditions or privileges of employment on the basis of race, color, religion, sex, marital status, national origin or ancestry, age, physical or mental handicap unrelated to ability, or an unfavorable discharge from military service other than a dishonorable discharge.

## Section 429.3    The Department's Affirmative Action Policy

a)      The Illinois Department of Children and Family Services will not discriminate in employment on the grounds of race, color, religion, sex, marital status, national origin or ancestry age, physical or mental handicap unrelated to ability, or an unfavorable discharge from military service other than a dishonorable discharge. This policy is mandated by both federal and state law, including the Civil Rights Act of 1964

**EXHIBIT**

tabbies®

Q

0706

(amended, 1972), presidential and gubernatorial executive orders, various other policies and guidelines, and a general recognition of the importance of eliminating artificial, arbitrary, and unnecessary barriers to employment.

b)   The policy of affirmative action shall require an analysis of the Department's work force to determine underutilization of any of the protected classes: Blacks, Hispanics, Native Americans, Asian Americans and women. When an underutilization is determined, goals will be set, in compliance with applicable law, to ensure utilization with regard to representation in the population, availability and requisite skills.

c)   This policy also requires agencies and individuals that do business with the Department to comply with this Part. (See Part 308, Nondiscrimination Requirements of Department Service Providers.)

d)   Nothing in this policy shall prohibit the Department from denying employment to persons on the basis of criminal convictions. However, the Department will consider the gravity of the offense, the circumstances under which it occurred, the background and age of the applicant at the time of the offense and whether the offense is related to the applicant's suitability for employment.

## Section 429.4   Employment Discrimination Complaints

a)   Complaints of alleged employment discrimination shall be resolved informally whenever possible. If an employee or applicant for employment believes discrimination has occurred he/she should contact the Department administrator responsible for affirmative action to discuss the matter. This initial contact (if other than in writing) to be followed by a written statement of the complaint being filed with the Department administrator responsible for affirmative action. No complaint shall be accepted for investigation if not filed with the Department's administrator responsible for affirmative action within 180 days of the alleged discriminatory act(s).

b)   The written complaint should provide sufficient information to adequately explain the alleged discriminatory act(s). If the complaint does not set forth sufficient information concerning the alleged discriminatory act(s), the office of affirmative action will contact the person in an effort to secure additional information. Within 5 working days following the filing of the complaint, a staff person from the office of affirmative action will initiate an investigation of the complaint. Upon completion of the investigation (within 30 work days) a determination as to whether evidence exists to support or not support the charge(s), as filed, will be made. Within 5 work days following the completion of the investigation, the complainant and regional or unit administrator shall be notified by the office of affirmative action, in writing, of the determination. The written notification to the regional or unit administrator will include the remedial measures, if any, which should be implemented within 10 work days of the receipt of such notice. If the complainant is dissatisfied with the findings of the investigation, and/or the recommended remedial action, the complainant will be informed of other available avenues for resolving complaints.

c)   The relief provisions provided above shall be the exclusive Departmental procedure for persons complaining of Department discriminatory acts in employment, but shall not be construed as limiting a person's right to utilize existing legal remedies. A person complaining of any manner of employment discrimination also has the right to file complaints with the Director of the Illinois Department of Personnel, the State Department of Human Rights, the Equal Employment Opportunity Commission (E.E.O.C., federal), the Department of Health and Human Services (formerly H.E.W.), the Office of Federal Contract Compliance (federal), and initiate civil court action.

CHAPTER 4.0                          EMPLOYEE BENEFITS AND PROGRAMS

4.3     Prohibition Against Discrimination

In accordance with the Governor's Administrative Order #2 (1996) (Attachment 4.3a), no employee shall be discriminated against on the basis of race, sex, sexual orientation, creed, religion, color, marital or parental status, age, national origin, political affiliation and/or beliefs, handicap, military history, or any other non-merit factors.

The Office of Affirmative Action is charged with the overall responsibility of assuring that the Department is in compliance with civil rights rules and regulations, and that the rights of all Department employees, applicants, clients, and service providers are protected against unlawful acts of discrimination.

**Complaints of discrimination** can be filed internally with the Office of Affirmative Action but must be filed within 300 days (10 months) from the date of the alleged unlawful discriminatory act. To file a complaint charge or obtain a "Discrimination Complaint Form" (CFS 766) (attachment 4.3b), employees may contact either:

| | | |
|---|---|---|
| Al Lambert, Administrator | **OR** | Sarah Gardner |
| Office of Affirmative Action | | Asst. Affirmative Action Officer |
| JRTC, 100 W. Randolph, 6th Fl. | | 227 South 7th Street |
| Chicago, Illinois 60601 | | Springfield, Illinois 62701 |
| (312)814-4692 | | (217)524-1248 |

Complaints can also be filed externally with either the Illinois Department of Human Rights or the Equal Employment Opportunity Commission (EEOC). Charges must be filed with the Illinois Department of Human Rights within 180 days (6 months) from the date of the alleged unlawful discriminatory act. Complaint forms are available through the Illinois Department of Human Rights:

| | | |
|---|---|---|
| James R. Thompson Center | **OR** | 222 South College, R-101A |
| 100 West Randolph, Suite 10-100 | | Springfield, Illinois 62704 |
| Chicago, Illinois 60601 | | (217)785-5100 |
| (312)814-6200 | | |

Charges must be filed with the EEOC within 300 days (10 months) from the date of the alleged unlawful discriminatory act. Complaint forms are available through the EEOC Office at 500 West Madison, Chicago, Illinois 60605, (312)353-2713.



EXHIBIT

R

000646

CFS 795 (5/89)
R. 415-0394

Department of Children and Family Services
Office of Affirmative Action
## DISCRIMINATION COMPLAINT FORM
(Instructions on Reverse Side)

Attachment 4.3a

SUBMIT FORM TO:
Office of Affirmative Action
SOIC, 100 W. Randolph, 6th F
Chicago, IL 60601
(312) 814-6032
or
406 East Monroe Street
Springfield, IL 62701
(217) 785-0859

1.  Name _____

2.  Address _____        _____

    _____ (Work Location)        _____ (Home)

3.  Telephone _____        _____
    (Business)        (Home)

4.  Job Title _____        _____
    (Payroll Title)        (Unit)

5.  Length of Time in Current Position _____

6.  Date of Alleged Discriminatory Act _____

7.  Basis of Alleged Discriminatory Practice _____

    ☐ Race            ☐ Age            ☐ Handicap
    ☐ Color           ☐ Religion       ☐ Retaliation
    ☐ Sex             ☐ National Origin ☐ Other _____
                                        (Specify)

8.  The alleged discrimination occurred relative to:

    ☐ Interview       ☐ Discipline
    ☐ Hiring Selection ☐ Layoff
    ☐ Promotion       ☐ Other_____
                          (Specify)

9.  The facts of the alleged discriminatory act are as follows: (Use additional sheets as necessary) _____

    _____

    _____

10. Name, title, work location and telephone number of person(s) you believe discriminated against you.

    Name              Title              Location           Phone

11. Have you made an effort to resolve this matter through your supervisor, the grievance procedure or other avenue
    ☐ Yes ☐ No      If yes, please explain indicating the outcomes of your efforts. (Use additional sheets if necessary)

    _____

    _____

12. What specific relief are you seeking? _____

13. Please provide any documentation you may have supporting your allegation.

    _____        _____
    Complainant's Signature and Date Filed        Date Received by OAA

FOR OAA USE: _____        _____

                                              000647
        DISPOSITION        DATE

DCFS is an equal opportunity employer, and prohibits unlawful discrimination in    p. 4.3.2

# INSTRUCTIONS FOR FILING A DISCRIMINATION COMPLAINT
## WITH THE
## OFFICE OF AFFIRMATIVE ACTION

### 1. Who Can File a Complaint?

Any DCFS employee or applicant for employment, and any recipient of Department services, or recipient of contractual services provided by Department Service Providers.

### 2. When Can a Discrimination Complaint be Filed?

If you feel that you have been discriminated against because of your race, color, sex, religion, age, national origin, ancestry, handicap, military discharge, or marital status in any terms, conditions, compensation or privileges of employment (i.e.; promotion, termination) etc., and you have tried unsuccessfully to resolve the problem with your supervisor, you can file a complaint with the Office of Affirmative Action. Complaints must be filed within 180 days of the alleged discriminatory act.

### 3. How to File a Complaint

Complete the form on the reverse side and submit it to:

Office of Affirmative Action
100 West Randolph, 6th Floor
Chicago, Illinois  60601
or
406 East Monroe Street
Springfield, Illinois 62701

### 4. What Happens After the Complaint is Filed?

The Office of Affirmative Action will conduct an internal investigation and make a recommendation within 30 working days, whenever possible, to the Chief of the Office of Employee Services and other appropriate management personnel regarding whether there is substantial evidence to support the charge. If there is a substantial evidence finding, conciliation will be recommended. If there is a lack of substantial evidence finding, conciliation will not be recommended. The complainant will be notified of the results of the investigation, and if he/she is not satisfied, the complaint can be filed with an outside agency such as:

Illinois Department of Human Rights
State of Illinois Center
100 West Randolph, Suite 10-100
Chicago, Illinois  60601
(312) 917-6200

Illinois Department of Human Rights
Stratton Office Building
Springfield, Illinois  62706
(217) 785-5100

U. S. Equal Employment Opportunity Commission
536 South Clark
Chicago, Illinois  60605
(312) 353-2713

000648

**4.4    Americans with Disabilities Act (ADA)**

The Americans with Disabilities Act (ADA) provides a clear and comprehensive national mandate to end discrimination and unequal treatment of people with disabilities, provides enforceable standards that address such discrimination, and affords economic opportunity to people with disabilities.

Those protected from discrimination under the ADA are:

1.    Individuals who have a physical or mental impairment that <u>significantly</u> limits one or more major life activity. Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing and working.

2.    Individuals who have a history of, or who were misclassified as having, an impairment which limited a major life activity. Examples include individuals who have recovered from a heart attack, cancer, back injury, or mental illness or even those misclassified as having mental retardation or mental illness.

3.    Individuals who are perceived or regarded as having a disability. By this, ADA extends protection to individuals <u>erroneously</u> viewed or treated as having a physical or mental impairment that substantially limits one or more major life activities. Examples include those badly burned or disfigured, or individuals with non-disabling conditions that create the perception of "future" disability, and who are perceived as unable to work in a position involving public contact because of concerns about negative reactions.

**Reasonable Accommodation**

A reasonable accommodation may be requested if an employee is suffering from a permanent or temporary disability that impairs his/her ability to function in the work place. The employee may request a modification of his/her work environment, work responsibilities, work schedule, etc., in order to continue gainful employment with the Department. Any modification made by the Department, in this case, is considered to be a "reasonable accommodation."

Reasonable accommodations must be requested in writing through the Department's ADA Coordinator, Mr. Al Lambert, Office of Affirmative Action, using an ADA Request for Reasonable Accommodation (attachment 4.4a) for approval.

000649

743
3-0490
3/85

**State of Illinois**
**Department of Children and Family Services**

DCFS is an equal opportunity employer, and prohibits unlawful discrimination in all of its programs and/or services.

## EMPLOYEE/APPLICANT
## REQUEST FOR REASONABLE ACCOMMODATION

Name _____  Payroll Title _____

Work Location _____  Social Security # _____

Phone Number _____
　　　　　　　　　　　(Work)　　　　　　　　　　　　　　　　(Home)

Type of Disability _____

Description of Type of Accommodation Requested _____

_____

_____

_____

(Include all relevant medical documentation and attach an additional sheet if necessary)

Acceptable Alternatives for Accommodation _____

_____

_____

(Attach additional sheet if necessary)

1. Which essential function(s) of your job will the accommodation allow you to perform? ____

_____

2. Why is the accommodation necessary to perform this essential job function(s)? ____

_____

3. For assistance: Indicate frequency of use: _____

_____

4. For technological devices: Indicate compatibility with existing equipment: _____

_____

Complete and forward to immediate supervisor and ADA Coordinator. Unauthorized or disallowed costs/
services are the responsibility of the employee.

_____　　_____
Applicant/Employee Signature　　　　　　　　　　　　Date

SUBMIT FORM TO:
ADA Coordinator
100 West Randolph
6th Floor
Chicago, IL 60601

— over —
**Reasonable Accommodation Approval Process Form**　　p. 4.4.2

000850

02-06-2004  15:09   From-DEPT OF CHILDREN                3128146959                T-891  P.007/007  F-196

# REASONABLE ACCOMMODATION APPROVAL PROCESS FORM

**(Each level has 10 working days to resolve the request or submit it to the next level.)**

### : Level Recommendation (Immediate Supervisor)

- ☐ Accommodation Approved
- ☐ Accommodation Approved With Modification(s)
- ☐ Accommodation Not Approved
- ☐ Additional Information Needed
  (Explain Reasons for Your Recommendation) _____

_____

_____

_____               _____
Supervisor Signature                          Date

### I Level Recommendation (Regional Administrator/Division Manager)

- ☐ Accommodation Approved
- ☐ Accommodation Approved With Modification(s)
- ☐ Accommodation Not Approved
- ☐ Additional Information Needed
  (Explain Reasons for Your Recommendation) _____

_____

_____

_____               _____
Regional Administrator/Division Manager            Date

### Level Recommendation (ADA Coordinator)

- ☐ Accommodation Approved
- ☐ Accommodation Approved With Modification(s)
- ☐ Accommodation Not Approved
- ☐ Additional Information Needed
  (Explain Reasons for Your Recommendation) _____

_____

_____

_____               _____
ADA Coordinator                              Date

### Level Decision (Director)

- ☐ Accommodation Approved
- ☐ Accommodation Approved With Modification(s)
- ☐ Accommodation Not Approved
- ☐ Additional Information Needed
  (Comments) _____

_____

_____

_____               _____
Director                                    Date

000651

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| Mr. Al Lambert<br>Eeo Officer<br>IL Dept. Children & Family Services<br>100 W. Randolph<br>Chicago, IL 60601 | |

PERSON FILING CHARGE

Johnson, Rufus

THIS PERSON (check one)

[X] CLAIMS TO BE AGGRIEVED
[ ] IS FILING ON BEHALF OF ANOTHER

DATE OF ALLEGED VIOLATION

| *Earliest* | *Most Recent* |
|---|---|
| 02/08/2001 | 12/12/2001 |

PLACE OF ALLEGED VIOLATION

Chicago, IL

CHARGE NUMBER

210 A 20 1121

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** Investigation will be conducted concurrently with our investigation of this charge.

**RECEIVED**

JAN 0 9 2002

**Children & Family Services**
*OFFICE OF AFFIRMATIVE ACTION*

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 01/30/02 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [ ] Please respond fully by _____ to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Chicago District Office
500 W. Madison Street
Suite 2800
Chicago, IL 60661-2511

[X] Enclosure: Copy of Charge

JESSICA. ANTONUCCI, Investigator
*(Commission Representative)*

(312) 353-7319
*(Telephone Number)*

BASIS OF DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

**EXHIBIT**

S

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 12/14/2001 | John P. Rowe, Dist. Director | |

EEOC FORM 131 (Rev. 06/92)

**RESPONDENT'S COPY**
000300



George H. Ryan
Governor

Jess McDonald
Director

**Illinois Department of Children & Family Services**

January 31, 2002

Ms. Jessica Antonucci, Investigator
Equal Employment Opportunity Commission
500 W. Madison St., Suite 2800
Chicago, Illinois 60661

RE: Rufus Johnson
No: 210A201121

Dear Ms. Antonucci:

It is the position of the Illinois Department of Children and Family Services that the complainant, Mr. Rufus Johnson, was not discriminated against on the basis of his race as alleged. Enclosed is a copy of a detailed response to the complaint, which was prepared by the Child Protection Manager, Mr. Jamie Ralph. If you have any questions please contact me at the number listed below.

Sincerely,

Al Lambert,
EEO Officer

Enclosure



**EXHIBIT**

T

**Office of Affirmative Action**
100 West Randolph, 6th Floor • Chicago, Illinois 60601
312-814-4692 • 312-814-7092 / Fax

 ACCREDITED • COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES



George H. Ryan
Governor

Jess McDonald
Director
## Illinois Department of Children & Family Services

January 28, 2002

### RESPONSE to DISCRIMINATION COMPLAINT FILED BY RUFUS JOHNSON NO. 210A201121

Mr. Rufus Johnson is a Child Protection Service Worker (CPSW) with the Illinois Department of Children and Family Services in Urbana, Illinois. Mr. Johnson is a member of team 3B09. Mr. Johnson's current Supervisor is Kevin Houser. Mr. Houser assumed direct supervision of Mr. Johnson on January 16, 2002. Mr. Johnson's complaint timeframe (2-8-01 to 12-12-01) is prior to Mr. Houser becoming his direct Supervisor. Mr. Johnson was previously supervised by Nora Harms-Pavelski from July 1, 1998 to December 1, 2001. Therefore, this response is being authored by Jamie Ralph, Child Protection Manager.

Mr. Johnson states he was disciplined for violation of DCFS Policy while his non-black co-workers were not on or about June 2, 2001. Mr. Johnson was investigating a report concerning a local day-care provider. Mr. Johnson learned one of his co-workers' children attended that day care. Mr. Johnson should have immediately consulted with his supervisor to discuss the conflict of interest and the possibility of assigning the investigation to another field office. Mr. Johnson instead asked the advice of other staff within the office thus violating confidentiality which is the basis of assigning reports involving staff to another field office. Those staff then discussed this information with other staff who also violated confidentiality. However, this information would not have been known if Mr. Johnson as the assigned investigator had not initially violated confidentiality. Therefore, Mr. Johnson was issued an oral reprimand on 4-25-01. Mr. Johnson grieved this discipline through the union's grievance process. As management believed Mr. Johnson understood his error, and that the act was not committed in a malicious manner, the oral reprimand was reduced at the first level by Management to a counseling session. The non-black workers in the Urbana Field Office who were involved in this incident received counseling sessions from their direct supervisor, Ms. Dawn Bachtold, on 4-20-01. All involved including Mr. Johnson received a counseling session.

Mr. Johnson alleges his job performance and work is constantly being scrutinized by supervisors while his non-black co-workers are not subjected to similar treatment. Mr. Johnson does not provide details or examples of this statement.

**EXHIBIT**

U

2125 South First Street • Champaign, Illinois 61820-7401
217-278-5500 • 217-278-5519 / TTY • 217-278-5557 / Fax       000934

Due to an evaluation covering from 1-1-2000 to 12-31-2000 authored by Ms. Harms, Mr. Johnson had four of the specific Job Objectives in Part I rated as "NOT MET" and five Employee Performance areas in Part II rated "Needs Improvement." The objectives and statistics used to make this determination are the same for other Child Protection Service Workers in the Urbana Field Office. The data reports are obtained from the DCFS database and are attachments to evaluations. Ms. Harms used the same Department database system to evaluate other team members. There were no other Child Protection Service Workers in the Urbana Field Office with four Job Objectives in Part I rated as "NOT MET" and five Employee Performances areas in Part II rated "Needs Improvement." It should be noted Mr. Johnson was due another annual evaluation as of 1-1-02. This is currently in progress.

As stated in his evaluation, Mr. Johnson was on a corrective action plan which included additional assistance from his supervisor. This corrective action plan was necessary due to Mr. Johnson's worker performance as outlined in his evaluation and also in response to a Quality Assurance Review of extended cases beyond sixty days that took place on April 5, 2000. The review looked at areas within the Region with a high number of investigations extended beyond 60 days. Team 3B09 had a high number of extended reports and due to this, they were selected for review. Out of this review a corrective action plan was developed for 3B-09. During this review, it was also noted Rufus Johnson had a significantly higher number of extended cases than his team members. Therefore, an individual corrective action plan was developed.

As of March 2001, the expectation is all staff receive weekly supervision which includes Mr. Johnson.

In regard to scrutiny of Mr. Johnson's work, Child Protection Supervisors are required by Procedure 300 and Best Practice to read and approve investigations. Procedure 300 also outlines that certain types of reports (Death Reports, Ward Reports, Facility Reports, School Reports, Day Care and Foster Homes) additionally must be reviewed by the Child Protection Manager. Investigations are returned to Child Protection Service Workers for correction when DCFS Policy and Procedure is not followed or when Best Practice guidelines are not followed. The Child Protection Manager developed a form to ensure accuracy and consistency when reading the investigative files. This manager read 54 investigative files from the Urbana Field Office from 3-1-01 to 12-12-01. Forty-one investigative files were completed by non-black workers and fourteen were completed by African American workers including five by Rufus Johnson. In regard to the forty-one investigative files completed by non-black workers, eight files or 20% were not approved and returned to the workers for corrections. In regard to the thirteen investigative files completed by African American workers, one file or 7% was not approved. That one file belonged to Mr. Johnson. Therefore, one of Mr. Johnson's five files or 20% was not approved and returned to him for corrections. Mr. Johnson has a higher percentage of investigative files not approved compared to African American co-workers and the same percentage compared to non-black co-workers. The investigative file returned was directly related to Mr. Johnson's work performance based on the use of a form which summarizes Procedure 300 and Best Practice guidelines and ensures accuracy and consistency in the review process.

J00935

In conclusion, Mr. Johnson has not been discriminated against on the basis of his race. Mr. Johnson's discipline was justified and equal to others involved in the incident. His work performance was accurately accessed based on documentation from the DCFS data base system also used to evaluate co-workers in the Urbana Field Office. His file was returned for documented reasons based on a review form also used on co-workers' investigative files to ensure accuracy and consistency. Mr. Johnson is held to the same standards as all other Child Protection Service Workers in the Urbana Field Office. Discrimination has not occurred nor would be tolerated within the Urbana Field Office, Department of Children and Family Services.

Jamie Ralph
Child Protection Manager

RECEIVED
OFFICE OF
EMPLOYEE SERVICES
MAY 23   9 04 AM '97

**ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of the DCFS Employee Handbook and am aware that I am responsible for abiding by the rules and policies contained herein.  I understand that the rules and policies identified in this handbook are to be used in conjunction with existing administrative policies and directives and that violation of these rules may result in disciplinary action.

_Rufus Johnson_

Employee's Name (Please Print)

_Rufus Johnson_      _4/25/9_

Employee's Signature                        Date

_Kitti Moll_      _4-25-97_

Supervisor's Signature                      Date

**EXHIBIT**

tabbies

V

Original to be placed in employee's Central Office personnel file with copies maintained in the applicable regional office and work location.