E-FILED
Tuesday, 12 October, 2004  04:43:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RUFUS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02-2260 |
| v. ) | Jury Demand |
| ) | |
| STATE OF ILLINOIS, ILLINOIS DEPARTMENT ) | |
| OF CHILDREN AND FAMILY SERVICES, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDA OF LAW IN OPPOSITION TO DEFENDANT'S *MOTION TO STRIKE PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OR IN THE ALTERNATIVE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS***

NOW COMES the Plaintiff, RUFUS JOHNSON, by and through his attorney, ROBERT G. KIRCHNER, and hereby files his *Memoranda of Law in Opposition to Defendant's Motion to Strike Plaintiff's Motion for Voluntary Dismissal Without Prejudice*.

I.  Introduction

On December 16, 2002, Plaintiff filed a Complaint in the United States District Court, Central District of Illinois for race discrimination under 42 U.S.C. §2000 (e) of Title VII of the Civil Rights Act of 1964, as amended. Since then, the Plaintiff has completed all discovery requests by the Defendant and Defendant has partially completed discovery requests in the form of Interrogatories and a Request to Produce, citing privileges and asserting that documents requested by Plaintiff regarding previous complaints of discrimination in the Urbana Fieeld Office do not exist.

On or about December 9, 2003, Plaintiff's attorney corresponded with Defendant's attorney Stephanie Shallenberger regarding the possibility of a settlement of this case. Again on February 9, 2004, Plaintiff's attorney corresponded with Defendant's attorney Stephanie Shallenberger regarding the possibility of a settlement of this case. Defendant's attorney Stephanie Shallenberger responded to Plaintiff's attorney that the Department would not be able to offer a settlement until after Plaintiff's deposition was taken.

Plaintiff's deposition was taken on September 14, 2004. Depositions of Defendant's employees were held in abeyance pending a determination as to whether the case could be settled.On or about September 22, 2004, after receipt of the transcript of Plaintiff's deposition, Plaintiff's attorney's office faxed Defendant's attorney Stephanie Shallenberger a note to follow-up on Defendant's earlier response to settlement discussions in which Defendant told Plaintiff that Defendant would be unable to discuss settlement until after Plaintiff's deposition. On September 27, 2004, Plaintiff's attorney's office contacted Defendant's attorney Stephanie Shallenberger regarding Plaintiff's attorney's fax from September 22, 2004, regarding possible settlement since the Plaintiff's deposition was now complete and no response to the September 22, 2004 correspondence had been received. On that same day, Defendant's attorney responded that her Department was not interested in making a settlement offer. Plaintiff's counsel then advised Attorney Shallenberger that he intended to discuss with the Plaintiff a voluntary dismissal of the case.

Later that day, Plaintiff's attorney e-filed the Motion for *Voluntary Dismissal Without Prejudice Pursuant to Fed. R.C.P. 41(a)(2)*.

I.  *Plaintiff's Motion for Voluntary Dismissal* should not be stricken because it did not violate CDIL-LR7.1(B)(1).

Defendant argues that *Plaintiff's Motion for Voluntary Dismissal* violated local rule CDIL-LR 7.1 because it was not accompanied by a Memoranda of Law. Defendant accurately states the rule: "[e]very motion *raising a question of law* shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the rule under which the motion is filed." (Emphasis added.)

*Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rules of Civil Procedure 41* does not raise a "question of law" for which a memorandum of law should be required. Plaintiff's motion involves, simply, the Court's discretion. By Defendant's reasoning, even a *Motion for the Enlargement of Time*, would require a *Memorandum of Law*. That simply is not the practice before this Court.

II.  *Plaintiff's Motion for Voluntary Dismissal without Prejudice* should be granted

Federal Rules of Civil Procedure Rule 41(a)(2), states:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Defendant is correct that the Court may exercise its discretion in granting the *Motion for Voluntary Dismissal*. The first of two cases Defendant cites for its argument that *Plaintiff's*

*Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)* should be denied is *Kovalic v. Dec. International, Inc*. 855 F.2d 471,474 (7th Cir. 1988). In that case, the Plaintiff was granted his *Motion for Voluntary Dismissal* and the 7th Circuit upheld the District Court's decision. The Court granted the Plaintiff's motion for voluntary dismissal despite the fact that the *Kovalic* case was quite advanced compared to the case at bar. In *Kovalic,* the Defendant had already filed a motion for summary judgment two weeks before the Plaintiff filed his motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). *Kovalic* at 473.

In its discussion of the history of Fed. R. Civ. P. (41)(a), *Kovalic* cites *McCall-Bey v. Franzen*, 777 F. 2d 1178, 1184 (7th Cir. 1985), ... "the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt. Thus the plaintiff can dismiss without the court's permission, and without prejudice to his being able to bring a new suit, if the defendant has not yet answered the complaint *or* moved for summary judgment (41(a)(1)(I); or with the court's permission, but again without prejudice unless the court specified that the dismissal is with prejudice, at any later time (Rule 41(a)(2))." *Kovalic* at 473. (Emphasis added.)

*Kovalic* also cites *United States v. Outboard Marine Corp*., 789 F.2d 497, 502 (7th Cir.), cert. denied, 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed. 2d 403 (1986), stating: "[t]he district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *Kovalic* at 473.

Defendant claims that if the *Plaintiff's Motion for Voluntary Dismissal Without Prejudice* is granted that the Defendant will be penalized because Defendant "has engaged in meaningful

4

discovery, has incurred expenses, and has spent considerable time and efforts preparing its Motion for Summary Judgment." *Defendant's Memoranda of Law in Support of Defendant's Motion to Strike Plaintiff's Motion* at 3-4.

*United States v. Outboard Marine Corp*. discussed voluntary dismissal under Fed. R.Civ.P. 41(a)(2), stating: "[i]n general, dismissal should be allowed, unless the defendant will suffer some plain legal prejudice beyond the mere prospect of a second law suit." *United States v. Outboard*, 104 F.R.D. 405, 408 (N.D. IL, 1984), citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). *Hamilton v. Firestone Tire & Rubber Co.* explains 'plain legal prejudice as follows. "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co., Inc*. 679 F.2d 143 (9th Cir. 1982). In this case, Defendant has not demonstrated that Defendant will suffer "plain legal prejudice" if Plaintiff's Motion is granted.

Cited in *Kovalic*, *Pace v. Southern Express Co.*, "delineated several factors for courts to consider in determining whether the defendant has suffered 'plain legal prejudice' as a result of the dismissal of an action without prejudice: '... the defendant's effort and expenses of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Pace v. Southern Express Co.* 409 F.2d 331, 334 (7th Cir.1969) cited in *Kovalic* at 473-474. Even if Defendant has triggered one or more of the factors listed in *Pace*, that does not signify that *Plaintiff's Motion* should not be granted.

As *Kovalic* states, "[w]hile [the Defendant] triggered one of the factors listed in *Pace*

when it filed a summary judgment motion, '[t]he enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Tyco Laboratories*, 627 F.2d at 56 cited in *Kovalic at* 474.

Though in *Pace*, the Court denied Plaintiff's motion for voluntary dismissal, the facts of that case are quite different from the case at bar. In *Pace*, the defendant had filed a motion for summary judgment four months before the plaintiff filed his motion for voluntary dismissal without prejudice. The plaintiff had also failed to file a response to the motion for summary judgment filed by the defendant at any time during those four months. *Pace* at 333. In the case at bar, no motion for summary judgment had been filed with Plaintiff filed his *Motion for Voluntary Dismissal*.

The difference between *Pace* and the case at bar is clear. Here, Plaintiff and Defendant had mutually agreed to continue discovery. Both parties had also agreed to hold off on settlement discussions until after the Plaintiff's deposition had been taken, and agreed to hold off on the depositions of Defendant's employees until after Plaintiff's deposition was taken in hopes of coming to a settlement of this case without the expense of more depositions. Up to this point, the parties had worked together to come to agreements on amendments to discovery deadlines and depositions.

By contrast, in *Pace*, defendant's motion for summary judgment had been on file for four months and had gone unanswered by the Plaintiff before the plaintiff filed his motion for voluntary dismissal, in the case at bar, no motion for summary judgment was on file when Plaintiff filed his *Motion for Voluntary Dismissal* and no other dispositive motions or other

6

pleadings have gone unanswered by the Plaintiff.

WHEREFORE, Defendant will suffer no 'plain legal prejudice' if *Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rules of Civil Procedure 41(a)(2)* is granted, Plaintiff RUFUS JOHNSON, respectfully requests this Court to grant Plaintiff's Motion for Voluntary Dismissal and deny Defendant's Motion to Strike Plaintiff's Motion for Voluntary Dismissal.

    Respectfully submitted,

    Rufus Johnson, Plaintiff

    By:    /s/ Robert G. Kirchner
           Robert G, Kirchner, his attorney

Robert G. Kirchner
Attorney at Law
100 Trade Centre Dr., Suite 402
Champaign, IL 61820
Phone: (217) 355-5660
Facsimile: (217)355-5675

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 12, 2004, I electronically filed the foregoing *Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Motion for Voluntary Dismissal Without Prejudice or in the Alternative Defendant's Response to Plaintiff's Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie L. Shallenberger, #6279773

Assistant Attorney General

500 South Second Street

Springfield, IL 62706

sshallenberger@atg.state.il.us

                Respectfully submitted,

                <u>/s/ Robert G. Kirchner</u>

                Robert G, Kirchner, his attorney

                100 Trade Centre Dr., Suite 402

                Champaign, IL 61820

                Phone: (217) 355-5660

                Facsimile: (217)3555-675